**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

|  |  |  |
|---|---|---|
| NAVAJO NATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WHEELER, in his official | ) | Case No. 2:20-cv-00602-MV-GJF |
| capacity as Administrator of the U. S. | ) | |
| Environmental Protection Agency; UNITED | ) | |
| STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY; RICKEY DALE | ) | |
| "R.D." JAMES, in his official capacity as | ) | |
| Assistant Secretary for Civil Works, | ) | |
| Department of the Army; and UNITED | ) | |
| STATES ARMY CORPS OF ENGINEERS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER TO COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Defendants United States Environmental

Protection Agency ("EPA"); Andrew Wheeler, in his official capacity as Administrator of the

EPA; the Department of the Army, U.S. Army Corps of Engineers ("Corps"); and R.D. James, in

his official capacity as Assistant Secretary of the Army for Civil Works (collectively, "Federal

Defendants"), answer the Complaint (ECF No. 1) filed by Plaintiff Navajo Nation ("Plaintiff") in

the above-captioned case. The headings and subheadings within the Complaint do not contain

allegations that require a response. To the extent a response is required, the allegations contained

in the headings and subheadings are denied.

1.  Federal Defendants admit the allegations in the first and second sentences of Paragraph 1. The allegation in the third sentence of Paragraph 1 is a statement of opinion to which no response is required.

2. Federal Defendants admit that the Navajo Nation is located in the arid Southwest. The remaining allegations in Paragraph 2 are vague and overbroad and contain statements of opinion to which no response is required.

3. The allegations in Paragraph 3 contain statements of opinion to which no response is required and characterize Plaintiff, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

4. The allegations in the first sentence of Paragraph 4 are vague and overbroad, contain statements of opinion to which no response is required, and characterize Plaintiff, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations. The remaining allegations in Paragraph 4 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

5. Federal Defendants admit the allegations in the first sentence of Paragraph 5. As to the allegations in the second sentence of Paragraph 5, Federal Defendants admit that the Corps issued "Final Rule for Regulatory Programs of the Corps of Engineers," 51 Fed. Reg. 41,206 (Nov. 13, 1986) and that EPA issued "Clean Water Act Section 404 Program Definitions and Permit Exemptions; Section 404 State Program Regulations," 53 Fed. Reg. 20,764 (June 6, 1988) (collectively the "1986 Regulations"). Federal Defendants admit that the Agencies jointly issued a final rule, the "Clean Water Rule: Definition of 'Waters of the United States,'" 80 Fed. Reg.

37,054 (June 29, 2015) ("2015 Rule"). The remaining allegations in Paragraph 5 characterize two Federal Register notices, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the documents, Federal Defendants deny them.

6. The allegations in Paragraph 6 are legal conclusions to which no response is required.

7. Federal Defendants admit that the Agencies jointly issued a final rule, "Definition of 'Waters of the United States'— Addition of an Applicability Date to 2015 Clean Water Rule," 83 Fed. Reg. 5200 (Feb. 6, 2018), referred to by Plaintiff as the "Delay Rule," which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Delay Rule, Federal Defendants deny them. The allegations in the second sentence of Paragraph 7 contain legal conclusions to which no response is required and characterize a district court order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, Federal Defendants deny them.

8. Federal Defendants admit that the Agencies jointly issued two final rules, "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule") and the "Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("2020 Rule"), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or the 2020 Rule, Federal Defendants deny them. The remaining allegations in Paragraph 8 contain legal conclusions and characterize Plaintiff's requests for relief contained in the Complaint, to which no response is required.

9. The allegations in Paragraph 9 contain statements of opinion to which no response is required and characterize the 2019 Rule and the 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or the 2020 Rule, Federal Defendants deny them.

10. The allegations in Paragraph 10 appear to characterize the 2019 Rule and a proposed rule, "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 82 Fed. Reg. 34,899 (July 27, 2017), which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or the proposed rule, Federal Defendants deny them.

11. The allegations in Paragraph 11 are legal conclusions to which no response is required.

12. The allegations in the first sentence of Paragraph 12 are legal conclusions to which no response is required. The allegations in the second sentence of Paragraph 12 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

13. The allegations in Paragraph 13 are legal conclusions to which no response is required.

14. The allegations in Paragraph 14 characterize Plaintiff's requests for relief contained in the Complaint, to which no response is required, and characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

15. The allegations in Paragraph 15 are legal conclusions to which no response is required.

16. The allegations in Paragraph 16 contain legal conclusions to which no response is required and characterize the Complaint, which speaks for itself and is the best evidence of its contents.

17. Federal Defendants admit that the Navajo Nation is a federally recognized Indian tribe and that the formal Navajo Reservation was established by the Treaty of June 1, 1868, 15 Stat. 667 and was expanded by subsequent acts of Congress. The remaining allegations in Paragraph 17 characterize Plaintiff, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

18. The allegations in Paragraph 18 contain legal conclusions to which no response is required and appear to characterize the 2020 Rule's definitions of "ephemeral" and "intermittent," which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them. The remaining allegations in Paragraph 18 characterize a 2006 document, which speaks for itself and is the best evidence of its contents.

19. The allegations in Paragraph 19 contain legal conclusions to which no response is required and characterize the Treaty of June 1, 1868, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Treaty, Federal Defendants deny them. The allegations also characterize Plaintiff, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

20. Federal Defendants admit the allegations in Paragraph 20.

21. Federal Defendants admit that EPA is a federal agency of the United States and that EPA administers provisions of the Clean Water Act. Federal Defendants admit that the Agencies jointly issued the 2019 Rule and 2020 Rule.

22. Federal Defendants admit the allegations in Paragraph 22.

23. Federal Defendants admit that the Corps is a federal agency of the United States and aver that the Corps is a direct reporting unit within the Department of the Army within the Department of Defense. Federal Defendants admit that the Corps administers certain provisions of the Clean Water Act. Federal Defendants admit that the Agencies jointly issued the 2019 Rule and 2020 Rule.

24. The allegations in Paragraph 24 are legal conclusions to which no response is required.

25. The allegations in Paragraph 25 are legal conclusions to which no response is required.

26. The allegations in Paragraph 26 are legal conclusions to which no response is required.

27. The allegations in Paragraph 27 are legal conclusions to which no response is required.

28. The allegations in Paragraph 28 are legal conclusions to which no response is required.

29. The allegations in Paragraph 29 characterize "Reaffirmation of the U.S. Environmental Protection Agency's Indian Policy," which speaks for itself and is the best

evidence of its contents. To the extent the allegations are inconsistent with the memorandum, Federal Defendants deny them.

30. The allegations in Paragraph 30 characterize a memorandum on "Tribal Consultation Policy," which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the memorandum, Federal Defendants deny them.

31. The allegations in Paragraph 31 are legal conclusions to which no response is required.

32. The allegations in Paragraph 32 are legal conclusions to which no response is required.

33. The allegations in Paragraph 33 are legal conclusions to which no response is required.

34. The allegations in Paragraph 34 are legal conclusions to which no response is required.

35. The allegations in Paragraph 35 are legal conclusions to which no response is required.

36. The allegations in Paragraph 36 are legal conclusions to which no response is required.

37. The allegations in Paragraph 37 are legal conclusions to which no response is required.

38. The allegations in Paragraph 38 are legal conclusions to which no response is required.

39. The allegations in Paragraph 39 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

40. The allegations in Paragraph 40 contain legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

41. The allegations in Paragraph 41 contain legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

42. The allegations in Paragraph 42 contain legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

43. The allegations in Paragraph 43 contain legal conclusions to which no response is required and characterize a Senate Conference Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Report, Federal Defendants deny them.

44. The allegations in Paragraph 44 contain legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of

its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

45. The allegations in Paragraph 45 contain legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

46. The allegations in Paragraph 46 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

47. Federal Defendants admit the allegations in Paragraph 47.

48. The allegations in Paragraph 48 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

49. Federal Defendants admit the allegations in Paragraph 49.

50. Federal Defendants admit the allegation in the last sentence of Paragraph 50. The remaining allegations in Paragraph 50 contain legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

51. The allegations in Paragraph 51 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

52. The allegations in Paragraph 52 are speculative and contain statements of opinion and legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

53. The allegations in the first and second sentences of Paragraph 53 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them. Federal Defendants admit the allegations in the third sentence of Paragraph 53.

54. Federal Defendants admit that sixty-nine tribes, including the Navajo Nation, have TAS approvals for either water quality standards, water quality certifications, or both. The remaining allegations in Paragraph 54 are vague and contain legal conclusions to which no response is required.

55. Federal Defendants admit the allegations in the first sentence of Paragraph 55. The remaining allegations in Paragraph 55 contain statements of opinion to which no response is required.

56. The allegations in Paragraph 56 are broad and speculative and contain legal conclusions to which no response is required.

57. The allegations in Paragraph 57 are legal conclusions to which no response is required.

58. The allegations in Paragraph 58 characterize the 1986 Regulations, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 1986 Regulations, Federal Defendants deny them.

59. The allegations in Paragraph 59 characterize three Supreme Court decisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the decisions, Federal Defendants deny them.

60. The allegations in Paragraph 60 characterize *Rapanos v. United States*, 547 U.S. 715 (2006), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

61. The allegations in Paragraph 61 characterize *Rapanos*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

62. The allegations in Paragraph 62 characterize *Rapanos*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

63. The allegations in Paragraph 63 characterize *Rapanos*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

64. The allegations in Paragraph 64 characterize *Rapanos*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

65. The allegations in Paragraph 65 are legal conclusions to which no response is required.

66. The allegations in Paragraph 66 characterize *Rapanos*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

67. Federal Defendants admit that the Agencies issued a guidance document called "Clean Water Act Jurisdiction Following the U.S. Supreme Court's Decision in *Rapanos v. United States & Carabell v. United States*," which Plaintiff refers to as the "Rapanos Guidance," which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Guidance, Federal Defendants deny them.

68. The allegations in Paragraph 68 characterize the Rapanos Guidance, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Guidance, Federal Defendants deny them.

69. The allegations in Paragraph 69 characterize the Rapanos Guidance, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Guidance, Federal Defendants deny them.

70. The allegations in Paragraph 70 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

71. The allegations in Paragraph 71 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

72. Federal Defendants admit the allegations in Paragraph 72.

73. The allegations in Paragraph 73 characterize a report entitled "Connectivity of Streams and Wetlands to Downstream Waters: A Review and Synthesis of the Scientific Evidence," referred to herein as the "Connectivity Report," which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Connectivity Report, Federal Defendants deny them.

74. The allegations in Paragraph 74 characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Connectivity Report, Federal Defendants deny them.

75. The allegations in Paragraph 75 characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Connectivity Report, Federal Defendants deny them.

76. The allegations in Paragraph 76 characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Connectivity Report, Federal Defendants deny them.

77. The allegations in Paragraph 77 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

78. The allegations in Paragraph 78 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

79. The allegations in Paragraph 79 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

80. The allegations in Paragraph 80 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

81. The allegations in Paragraph 81 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

82. The allegations in Paragraph 82 contain conclusions of law to which no response is required and characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

83. The allegations in Paragraph 83 characterize Executive Order 13778, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Order, Federal Defendants deny them.

84. The allegations in the first sentence of Paragraph 84 characterize statements of the President, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of Paragraph 84 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

85. Federal Defendants admit that the Agencies jointly issued a proposed rule, "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 82 Fed. Reg. 34,899 (July 27, 2017), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

86. Federal Defendants admit former Administrator Pruitt attended an event organized by the National Cattlemen's Beef Association in August 2017. The remaining allegations in Paragraph 86 characterize a video purportedly produced by the National Cattlemen's Beef Association, which speaks for itself and is the best evidence of its contents.

87. Federal Defendants admit that the Agencies jointly issued a proposed rule, "Definition of 'Waters of the United States'—Addition of an Applicability Date to 2015 Clean Water Rule," 82 Fed. Reg. 55,542 (Nov. 22, 2017), referred to by Plaintiff as the "Suspension Rule," which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Suspension Rule, Federal Defendants deny them.

88. The allegations in Paragraph 88 characterize the Suspension Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Suspension Rule, Federal Defendants deny them.

89. The allegations in Paragraph 89 characterize what Plaintiff previously referred to in Paragraph 7 as the Delay Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Delay Rule, Federal Defendants deny them.

90. The allegations in Paragraph 90 characterize a district court order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, Federal Defendants deny them.

91. Federal Defendants admit that the Agencies jointly issued a supplemental notice of proposed rulemaking, "Definition of 'Waters of the United States'—Recodification of Preexisting Rule," 83 Fed. Reg. 32,227 (July 12, 2018), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the notice, Federal Defendants deny them.

92. The allegations in Paragraph 92 characterize a supplemental notice of proposed rulemaking, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the notice, Federal Defendants deny them.

93. Federal Defendants admit that the Navajo Nation submitted comments on "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 82 Fed. Reg. 34,899 (July 27, 2017), and those comments speak for themselves and are the best evidence of their contents.

94. The allegations in Paragraph 94 contain legal conclusions to which no response is required and characterize a newspaper article, which speaks for itself and is the best evidence of its contents.

95. Federal Defendants admit that the Agencies issued the 2019 Rule on October 22, 2019, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

96. The allegations in Paragraph 96 characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

97. The allegations in Paragraph 97 characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

98. The allegations in Paragraph 98 characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

99. The allegations in Paragraph 99 characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

100. The allegations in Paragraph 100 characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

101. Federal Defendants admit that the Agencies jointly issued a proposed rule, "Revised Definition of 'Waters of the United States,'" 84 Fed. Reg. 4154 (Feb. 14, 2019), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

102. The allegations in Paragraph 102 characterize a proposed rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

103. The allegations in Paragraph 103 characterize a proposed rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

104. The allegations in Paragraph 104 are legal conclusions to which no response is required.

105. The allegations in Paragraph 105 characterize Plaintiff's comments on a proposed rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the comments, Federal Defendants deny them.

106. The allegations in Paragraph 106 characterize a June 13, 2019, meeting between the Agencies and the Navajo Nation as memorialized in EPA's July 9, 2019, letter to the Navajo Nation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the letter, Federal Defendants deny them.

107. The allegations in Paragraph 107 appear to characterize "Commentary on the Proposed Rule Defining the Scope of Waters Federally Regulated Under the Clean Water Act," EPA, Office of the Administrator Science Advisory Board (Feb. 27, 2020) ("SAB Commentary"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the SAB Commentary, Federal Defendants deny them.

108. The allegations in Paragraph 108 characterize a draft document that states "Draft Commentary (10/16/19) – Do Not Cite or Quote. This draft has not been reviewed or approved by the chartered SAB and does not represent EPA policy", which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the document, Federal Defendants deny them.

109. Federal Defendants admit that the Agencies signed the 2019 Rule on January 23, 2020 and that the SAB Commentary is dated Feb. 27, 2020.

110. The allegations in Paragraph 110 characterize the SAB Commentary, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the SAB Commentary, Federal Defendants deny them.

111. Federal Defendants admit that the 2020 Rule was published on April 21, 2020. The remaining allegations in Paragraph 111 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

112. The allegations in Paragraph 112 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

113. The allegations in Paragraph 113 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

114. The allegations in Paragraph 114 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

115. The allegations in Paragraph 115 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

116. The allegations in Paragraph 116 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

117. The allegations in Paragraph 117 are legal conclusions to which no response is required.

118. The allegations in Paragraph 118 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

119. The allegations in Paragraph 119 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

120. The allegations in Paragraph 120 are legal conclusions to which no response is required.

121. The allegations in Paragraph 121 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

122. The allegations in Paragraph 122 characterize the 2020 Rule, the Response to Comments, and the Economic Analysis which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the documents, Federal Defendants deny them.

123. The allegations in Paragraph 123 characterize the 2020 Rule's Economic Analysis, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Economic Analysis, Federal Defendants deny them.

124. The allegations in the first sentence of Paragraph 124 characterize the 2020 Rule's Economic Analysis, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Economic Analysis, Federal Defendants deny them. The allegations in the second sentence of Paragraph 124 characterize Plaintiff and contain statements of opinion to which no response is required.

125. The allegations in Paragraph 125 characterize the 2020 Rule's Economic Analysis, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Economic Analysis, Federal Defendants deny them.

126. The allegations in Paragraph 126 contain legal conclusions to which no response is required and characterize the Response to Comments on the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Response to Comments, Federal Defendants deny them.

127. The allegations in Paragraph 127 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

128. The allegations in Paragraph 128 are legal conclusions to which no response is required.

129. The allegations in Paragraph 129 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its

contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

130. The allegations in Paragraph 130 are speculative, overly broad, and contain legal conclusions to which no response is required.

131. Federal Defendants admit the allegations in the first sentence of Paragraph 131. The remaining allegations in Paragraph 131 are speculative, overly broad, and contain legal conclusions to which no response is required.

132. The allegations in Paragraph 132 contain legal conclusions to which no response is required and characterize Plaintiff, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

133. The allegations in Paragraph 133 contain statements of opinion and legal conclusions to which no response is required and characterize Plaintiff, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

134. The allegations in Paragraph 134 are speculative, overly broad, and contain legal conclusions to which no response is required.

135. Federal Defendants incorporate by reference their responses to every statement and allegations contained in Paragraphs 1 through 134 herein.

136. The allegations in Paragraph 136 are legal conclusions to which no response is required.

137. The allegations in Paragraph 137 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

138. The allegations in Paragraph 138 contain legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

139. The allegations in Paragraph 139 characterize *Rapanos*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

140. The allegations in Paragraph 140 characterize the 2020 Rule and *Rapanos*, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the decision or the 2020 Rule, Federal Defendants deny them.

141. The allegations in Paragraph 141 characterize the 2020 Rule and the Clean Water Act, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or the 2020 Rule, Federal Defendants deny them.

142. The allegations in Paragraph 142 are legal conclusions to which no response is required.

143. Federal Defendants incorporate by reference their responses to every statement and allegations contained in Paragraphs 1 through 142 herein.

144. The allegations in Paragraph 144 are legal conclusions to which no response is required.

145. The allegations in Paragraph 145 are legal conclusions to which no response is required.

146.  The allegations in Paragraph 146 contain legal conclusions to which no response is required and characterize the 2019 Rule and 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or 2020 Rule, Federal Defendants deny them.

147.  The allegations in Paragraph 147 contain legal conclusions to which no response is required and characterize the 2019 Rule and 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or 2020 Rule, Federal Defendants deny them.

148.  The allegations in Paragraph 148 contain legal conclusions to which no response is required and characterize the 2019 Rule and 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or 2020 Rule, Federal Defendants deny them.

149.  The allegations in Paragraph 149 contain legal conclusions to which no response is required and characterize the 2019 Rule and 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or 2020 Rule, Federal Defendants deny them.

150.  The allegations in Paragraph 150 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

151.  The allegations in Paragraph 151 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its

contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

152. The allegations in Paragraph 152 are legal conclusions to which no response is required.

153. Federal Defendants incorporate by reference their responses to every statement and allegations contained in Paragraphs 1 through 152 herein.

154. The allegations in Paragraph 154 are legal conclusions to which no response is required.

155. The allegations in Paragraph 155 contain legal conclusions to which no response is required and characterize the 2019 Rule and 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or 2020 Rule, Federal Defendants deny them.

156. The allegations in Paragraph 156 are legal conclusions to which no response is required.

157. Federal Defendants incorporate by reference their responses to every statement and allegations contained in Paragraphs 1 through 156 herein.

158. The allegations in Paragraph 158 characterize the Administrative Procedures Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

159. The allegations in Paragraph 159 are legal conclusions to which no response is required.

160. The allegations in Paragraph 160 are legal conclusions to which no response is required.

161. The allegations in Paragraph 161 are legal conclusions to which no response is required.

162. The allegations in Paragraph 162 contain vague and overbroad statements of opinion to which no response is required and characterize unidentified statements of the former Administrator of EPA, which speak for themselves and are the best evidence of their contents.

163. The allegations in Paragraph 163 contain statements of opinion to which no response is required and characterize the Executive Order 13778, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Order, Federal Defendants deny them.

164. The allegations in Paragraph 164 characterize a proposed rule, "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 82 Fed. Reg. 34,899 (July 27, 2017), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

165. The allegations in Paragraph 165 characterize a supplemental notice of proposed rulemaking, "Definition of 'Waters of the United States'—Recodification of Preexisting Rule, 83 Fed. Reg. 32,227" (July 12, 2018), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the notice, Federal Defendants deny them.

166. The allegations in Paragraph 166 are statements of opinion to which no response is required.

167. The allegations in Paragraph 167 contain statements of opinion and legal conclusions to which no response is required and characterize the 2019 Rule and 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or the 2020 Rule, Federal Defendants deny them.

168. The allegations in Paragraph 168 are legal conclusions to which no response is required.

169. Federal Defendants incorporate by reference their responses to every statement and allegations contained in Paragraphs 1 through 168 herein.

170. The allegations in Paragraph 170 are legal conclusions to which no response is required.

171. The allegations in Paragraph 171 are legal conclusions to which no response is required.

172. The allegations in Paragraph 172 are vague and appear to characterize the July 15, 2019, document referred to by Plaintiff as "Navajo Nation's Supplemental Comments on the Proposed Definition of Waters of the United States, 84 Fed. Reg. 4154 (Feb. 14, 2019)," which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the document, Federal Defendants deny them.

173. The allegations in Paragraph 173 contain legal conclusions to which no response is required and characterize the 2019 Rule and 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or 2020 Rule, Federal Defendants deny them.

Federal Defendants deny that Plaintiff is entitled to the relief included in the "Prayer for Relief" set forth at page 43 of the Complaint.

## GENERAL DENIAL

To the extent that any factual allegation in the Complaint has not been admitted or specifically responded to, Federal Defendants deny such allegation.

Federal Defendants reserve the right to raise any defense—including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12—that may be supported by the record in this action.

Dated: August 25, 2020    Respectfully submitted,

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

/s/ *Sonya J. Shea*
SONYA J. SHEA
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone: (303) 844-7231
Facsimile: (303) 844-1350
sonya.shea@usdoj.gov

JOHN C. ANDERSON
United States Attorney

/s/ *Manuel Lucero*
MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103

(505) 224-1467

## CERTIFICATE OF SERVICE

I hereby certify that, on August 25, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

*/s/ Sonya J. Shea*