**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

|  |  |  |
|---|---|---|
| NAVAJO NATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WHEELER, in his official | ) | Case No. 2:20-cv-00602-MV-GJF |
| capacity as Administrator of the U. S. | ) | |
| Environmental Protection Agency; UNITED | ) | |
| STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY; RICKEY DALE | ) | |
| "R.D." JAMES, in his official capacity as | ) | |
| Assistant Secretary for Civil Works, | ) | |
| Department of the Army; and UNITED | ) | |
| STATES ARMY CORPS OF ENGINEERS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT MOTION FOR SCHEDULING ORDER**

Plaintiff Navajo Nation, jointly with Defendants United States Environmental Protection Agency ("EPA"); Andrew Wheeler, in his official capacity as Administrator of the EPA; the Department of the Army, U.S. Army Corps of Engineers; and R.D. James, in his official capacity as Assistant Secretary of the Army for Civil Works (collectively, the "Agencies"), by and through undersigned counsel, move the Court to exclude this case from pretrial case management, resolve the Parties' separate proposals presented in this motion, provide for expanded page limits, and enter a scheduling order accordingly.

Counsel for the Parties conferred prior to filing this motion, but were unable to reach agreement on all parts of this motion. Accordingly, the Parties submit separate proposals.

In support of this motion, the Parties state the following:

1.      This case concerns challenges to two final rules issued by the Agencies under the Clean Water Act, entitled "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) (the "2019 Rule"), and "Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) (the "2020 Rule").

2.      The 2019 Rule went into effect on December 23, 2019. It repealed the rule entitled "Clean Water Rule: Definition of 'Waters of the United States'" (the "2015 Rule"), and reinstated the pre-2015 regulatory definition of "waters of the United States" under the Clean Water Act.

3.      The 2020 Rule redefined "waters of the United States" under the Clean Water Act and replaced the 2019 Rule. The 2020 Rule went into effect on June 22, 2020, in all states except Colorado.[1]

4.      The Navajo Nation initiated this lawsuit on June 22, 2020, challenging the 2019 Rule and the 2020 Rule. ECF No. 1. The Agencies filed their answer to the Complaint on August 25, 2020. ECF No. 12. A status conference is scheduled for October 6, 2020. ECF No. 13.

5.      The Parties agree that pursuant to the Administrative Procedure Act, review of the Navajo Nation's claims in this case will be based on the Agencies' administrative records for the 2019 Rule and the 2020 Rule. Accordingly, the Parties request that this case be treated as one that is excluded from pretrial case management pursuant to D.N.M.LR-Civ. 16.3. Discovery is neither

---

[1] *Colorado v. EPA*, No. 20-cv-1461, 2020 WL 3402325, at *13 (D. Colo. June 19, 2020) (staying effective date of 2020 Rule in State of Colorado), *appeals docketed*, Nos. 20-1238, 20-1262, 20-1263 (10th Cir.).

necessary nor appropriate. The Parties agree that the claims in this case should be decided after the conclusion of briefing on cross-motions for summary judgment and a hearing (if one is scheduled). Because review in this case is based on the administrative record, the Parties' summary judgment briefs will omit statements of facts. *See* D.N.M.LR-Civ. 56.1(b). The Parties also request expanded page limits for their briefs, given the nature and complexity of the issues involved.

**Plaintiff's Proposal**

6.      The Navajo Nation proposes that the case proceed as presented in the Complaint, ECF No. 1, in which the Navajo Nation challenged both the 2019 Rule and the 2020 Rule together. The Navajo Nation believes that proceeding in this manner would efficiently resolve its claims, conserve resources, and avoid unnecessary delay. Indeed, in another case in which challenges to the 2019 and 2020 Rules were consolidated, the court instructed the parties to brief both Rules together. Order Granting Joint Mot. to Consolidate Cases and Modify the Scheduling Order, *Chesapeake Bay Found. v. Wheeler*, Nos. RDB-20-1063 & RDB-20-1064, at 3 (D. Md. Aug. 24, 2020). The Navajo Nation bases its proposal here on the one that was jointly proposed by the parties in the *Chesapeake Bay Foundation* case in response to the court's instruction.

7.      The Navajo Nation views the Agencies' proposal that the Parties brief the Navajo Nation's claims separately, first with regard to the 2020 Rule and only subsequently with regard to the 2019 Rule, as a motion to bifurcate the Navajo Nation's claims. The Navajo Nation opposes the Agencies' motion (their so-called "two-phased approach," *see* ¶ 20), because it would have the effect of concealing the full extent of the Agencies' actions as well as shielding the 2019 Rule from timely judicial review and resolution.

8.      The Parties also have some differences on the number of pages being proposed.

3

Briefing Both Rules Together

9.      The Navajo Nation challenged the two Rules together because the Agencies promulgated them as two parts of a unified initiative to replace the 2015 Rule with a new, narrower definition of "waters of the United States," namely, the 2020 Rule. *See* Definition of "Waters of the United States"—Recodification of Pre-Existing Rules, 82 Fed. Reg. 34,899, 34,899 (July 27, 2017) (proposed 2019 Rule) (the Agencies "are publishing this proposed rule to initiate the first step in a comprehensive, two-step process intended to review and revise the definition of 'waters of the United States' consistent with the Executive Order"); Revised Definition of "Waters of the United States", 84 Fed. Reg. 4,154, 4,154 (Feb. 14, 2019) (proposed 2020 Rule) ("This proposal is the second step in a comprehensive, two-step process intended to review and revise the definition of 'waters of the United States' consistent with the Executive Order."). Thus, the Agencies themselves stated both rules are part of the same rulemaking initiative, just taking place in two steps.

10.     The two Rules therefore should be considered together, as they are inextricably linked. Briefing on either of the Rules cannot occur without explaining the background, context, and analyses (or lack thereof) of both Rules (along with the 2015 Rule). In addition, the Navajo Nation claims that both Rules violate virtually the same laws and principles. Complaint, ECF No. 1, at ¶¶ 135-68. Therefore, briefing the Navajo Nation's challenges to the two Rules together would avoid duplicative briefing, promote judicial economy, and conserve the Parties' resources. In contrast, bifurcation would be wasteful and would only serve to delay resolution of this case.

11.     Moreover, many of the Navajo Nation's claims regarding the two Rules overlap with the Chesapeake Bay Foundation's claims, because in both cases the Rules are being

4

challenged as violating the Administrative Procedure Act and Clean Water Act. The similarity of claims lessens any burden on the Agencies because they will already be briefing these claims (notably, the schedules being proposed by both parties here would start one-and-a-half months after the schedule in *Chesapeake Bay Foundation*). Although the Agencies note in ¶ 27 that *Chesapeake Bay Foundation* does not involve tribal treaty rights and trust obligations, the Navajo Nation raised those issues with respect to both the 2019 and the 2020 Rules, meaning there are no economies to be found in this regard by addressing the rules *seriatim*. Further, the Agencies have already filed the administrative records for both Rules in *Chesapeake Bay Foundation*. Any burden on the Agencies of briefing the Navajo Nation's challenge to both Rules together should therefore be minimal.

12.     The other cases the Agencies describe below in which the 2019 Rule, 2020 Rule, and 2015 Rule were challenged are largely irrelevant to whether this Court should grant the Agencies' request to bifurcate the Navajo Nation's claims. In particular, most of the referenced stays have been entered by consent. In addition, in some of the suits the challengers are seeking to narrow the 2020 Rule and therefore would obtain all the substantive relief they seek solely from a court decision on the 2020 Rule. *See, e.g.*, Second Supp. Compl., *Wash. Cattlemen's Ass'n v. U.S. Envtl. Prot. Agency*, No. 2:19-cv-00569-JCC, at 48-51[2] (W.D. Wash. May 4, 2020) (seeking injunction narrowing specific provisions of the 2020 Rule while leaving the rest of the Rule in place); First Supp. Compl. for Declaratory and Inj. Relief, *Or. Cattlemen's Ass'n v. U.S. Envtl. Prot. Agency*, No. 3:18-cv-00564-AC, at 51-54 (D. Or., May 1, 2020) (same).

---

[2] The cited page numbers reference the original pagination at the bottom of the page rather than the ECF stamped pages.

13.     Here, in contrast, the Navajo Nation ultimately seeks reinstatement of the 2015 Rule, which the Navajo Nation believes was the correct interpretation of "waters of the United States." That result requires rulings on both the 2020 Rule (which provides a new definition of "waters of the United States") and the 2019 Rule (which rescinded the 2015 Rule). Therefore, the Agencies' proposal to bifurcate the case would delay the relief that the Navajo Nation seeks.

14.     There are only two cases involving both the 2020 and 2019 Rules in which briefing schedules have been set: *Murray v. Wheeler* and *Chesapeake Bay Foundation v. Wheeler*, discussed above. *See* Text Order, *Murray v. Wheeler*, No. 1:19-cv-1498 (N.D.N.Y. July 28, 2020). The first of these cases was brought by two landowners and the second by a coalition of environmental organizations. The Navajo Nation, a sovereign Indian tribe responsible for the protection of its people and environment, is impacted fundamentally differently, and prejudiced more, than landowners or environmental organizations by a request that would delay the relief that the Navajo Nation seeks. And only the landowners' suit is proceeding on a phased briefing schedule.

15.     Briefing the two Rules together also promotes judicial economy. If the Court upholds the 2020 Rule there will be no need for it to consider the 2019 Rule, so there will be no added burden on the Court. On the other hand, if the Court vacates the 2020 Rule it will be able to consider the 2019 Rule without the need to review another round of briefs and re-familiarize itself with the same or similar issues. If the Court has questions about the appropriate remedy relating to the 2019 Rule after finding both Rules unlawful, the Parties can provide supplemental briefing on that issue. At the same time, the Court's decision as to how to craft an appropriate remedy for

an unlawful rule, no matter how "complex," ¶ 30, is separate from deciding the validity of the 2019 and 2020 Rules in the first place.

16.     The Agencies' engagement in other time-consuming litigation should not be used as an excuse to delay this litigation.  Moreover, because there are so many overlapping claims in other challenges to both the 2020 Rule and 2019 Rule, the burden on the Agencies of briefing these issues is lessened.

Page Numbers

17.     The Navajo Nation's proposal requests expanded page numbers for briefs that address both the 2019 and 2020 Rules, whereas the Agencies' proposal requests expanded page numbers for briefs that would address the 2020 Rule only, premised on the Court granting their motion to bifurcate briefing. The Navajo Nation also proposes that its final brief, which would consist of both a response to Defendants' cross-motion for summary judgment and a reply to the Defendants' opposition to Plaintiff's motion for summary judgment, be afforded more pages than Defendants' final brief, which would merely be a reply to Plaintiff's summary judgment opposition.

18.     Based on the reasoning provided in ¶¶ 6-17, the Navajo Nation proposes the following schedule:

- October 6, 2020: Defendants' certified indexes of the administrative records for the 2019 Rule and 2020 Rule.

- November 6, 2020: Plaintiff's motion to challenge or supplement the administrative record for the 2019 Rule and/or the 2020 Rule.

- January 15, 2021, if Plaintiff does not challenge the record, or 30 days after the Court rules on any record challenges, whichever is later: Plaintiff's motion for summary judgment regarding both the 2019 Rule and the 2020 Rule, limited to 65 pages.

- March 1, 2021, if Plaintiff does not challenge the record, or 45 days after Plaintiff's motion for summary judgment is due after the Court resolves any record challenges, whichever is later: Defendants' response and cross-motion for summary judgment, limited to 65 pages.

- April 15, 2021, if Plaintiff does not challenge the record, or 45 days after Defendants' response and cross-motion for summary judgment is due after the Court resolves any record challenges, whichever is later: Plaintiff's response and reply, limited to 40 pages.

- May 17, 2021, if Plaintiff does not challenge the record, or 30 days after Plaintiff's response and reply is due after the Court resolves any record challenges, whichever is later: Defendants' reply, limited to 25 pages.

### Defendants' Proposal

19.     The two rules at issue in this case are supported by separate administrative records, contain different agency decisions, and raise some different legal issues. The Agencies request that the Court schedule proceedings in this case in two phases. The first phase would consist of cross-motions for summary judgment on the merits of the 2020 Rule. If—and only if—necessary following the Court's ruling on the first phase of summary judgment briefs, the Parties could submit briefs in a second phase concerning the 2019 Rule.

20.     The two-phased approach would serve the interests of judicial economy and conserve party resources, as it would allow the Parties and the Court to focus on the rule currently in effect—the 2020 Rule—and only address the merits of the replaced 2019 Rule if necessary.

21.     Not only could the Court's ruling on the merits of the 2020 Rule affect the issues and arguments at play with respect to the 2019 Rule, but the Court cannot grant meaningful relief as to the replaced 2019 Rule as long as the 2020 Rule is in effect.

22.     Additionally, addressing the 2019 Rule claims involves complex questions concerning the appropriate remedy, the briefing and consideration of which may not be necessary after the Court's decision on Plaintiff's challenge to the 2020 Rule. Navajo Nation seeks reinstatement of the 2015 Rule. *See supra* ¶ 13; ECF No. 1, ¶ 14 (requesting that the Court set aside the 2019 and 2020 Rules and stating that the "Agencies should resume implementation of the 2015 Clean Water Rule"); *id.*, Request for Relief. Two district courts ruled that the 2015 Rule was unlawful and promulgated in violation of the Administrative Procedure Act and remanded the Rule to the Agencies. *Georgia v. Wheeler*, 418 F. Supp. 3d 1336 (S.D. Ga. 2019); *Texas v. EPA*, 389 F. Supp. 3d 497, 504-06 (S.D. Tex. 2019). The 2019 Rule repealing the 2015 Rule was, in part, promulgated in response to those courts' holdings, after numerous other courts had preliminarily enjoined the 2015 Rule in multiple states, including New Mexico. *E.g.*, *North Dakota v. EPA*, 127 F. Supp. 3d 1047, 1060 (D.N.D. 2015). The extent to which the 2015 Rule is preliminarily enjoined in New Mexico is unclear. *See North Dakota v. EPA*, No. 3:15-cv-00059, Dkt. Nos. 280, 282, 286, 289 (D.N.D.). The *North Dakota* court has not ruled on requests to clarify the scope of the preliminary injunction, and proceedings in that case are stayed. *See id.*, Dkt. Nos. 322, 323, 325. In addition to *North Dakota*, challenges to the 2015 Rule are pending in multiple

courts across the country. *See infra* ¶ 25; *Ohio v. EPA*, 969 F.3d 306, 310 (6th Cir. 2020) (recognizing that plaintiffs' challenge to the 2015 Rule remains live). Thus, to consider Navajo Nation's requested remedy of reinstating the 2015 Rule, the Court would need to take account of other courts' remand of the 2015 Rule to the Agencies, the applicability of the North Dakota court's preliminary injunction of the 2015 Rule, and the results of pending merits challenges to the 2015 Rule. Such consideration would be warranted only if the Court's ruling on the 2020 Rule claims does not fully resolve this case.

23.     Even if this Court's ruling on the 2020 Rule does not resolve all the issues in this case, it would likely assist in clarifying the issues regarding Plaintiff's challenge to the 2019 Rule and thus conserve the Parties' and the Court's resources.

24.     There are also a number of other challenges to the 2020 Rule pending across the country that could bear upon the Court's resolution of the 2019 Rule claims in this case and potentially obviate the need for summary judgment briefing.

25.     Other courts have taken a similar approach as requested here in cases that involve challenges not only to the 2020 Rule but also to the 2019 Rule and/or the 2015 Rule. For example:

- *Murray v. Wheeler*, No. 1:19-cv-1498, Dkt. No. 22 (N.D.N.Y. July 28, 2020) (order adopting a two-phased approach, setting briefing for 2020 Rule claims and deferring scheduling briefing on 2019 Rule claims);

- *Oregon Cattlemen's Ass'n v. EPA*, No. 3:19-cv-00564, Dkt. No. 94 (D. Or. May 6, 2020) (order granting stay of claims challenging 2015 Rule while briefing on 2020 Rule proceeds);

- *Waterkeeper Alliance, Inc. v. Wheeler*, No. 3:18-cv-03521, Dkt. No. 83 (N.D. Cal. May 27, 2020) (stipulation holding in abeyance claims challenging 2015 Rule to allow plaintiffs to add and brief the merits of challenge to 2020 Rule);

- *Washington Cattlemen's Ass'n v. EPA*, No. 2:19-cv-00569, Dkt. No. 86 (W.D. Wash. July 31, 2020) (order staying claims challenging 2015 and 2019 Rules while briefing on 2020 Rule proceeds).

Courts have also stayed cases involving challenges to the 2015 Rule and/or 2019 Rule. For example:

- *Pierce v. EPA*, No. 0:19-cv-02193, Dkt. No. 36 (D. Minn. Sept. 24, 2020) (extending stay of challenges to 2015 and 2019 Rules);

- *North Dakota v. EPA*, No. 3:15-cv-00059, Dkt. No. 325 (D.N.D. June 24, 2020) (extending stay of challenge to 2015 Rule);

- *South Carolina Coastal Conservation League v. Wheeler*, No. 2:19-cv-03006, Dkt. No. 57 (D.S.C. Sept. 4, 2020) (extending abeyance of challenge to 2019 Rule);

- *Southeastern Legal Found., Inc. v. EPA*, No. 1:15-cv-02488, Dkt. No. 34 (N.D. Ga. Aug. 5, 2020) (staying challenge to 2015 Rule).

26.     Only one court has scheduled briefing of claims concerning the 2019 Rule. *See Chesapeake Bay Foundation v. Wheeler*, No. 20-cv-1063, Dkt. No. 19 (D. Md. Aug. 24, 2020) (scheduling combined briefing on the 2019 and 2020 Rules). However, that court did not foreclose the possibility of briefing the 2020 Rule first. *See id.* at 3 n.1.

27.     Although Navajo Nation asserts that "many" of its claims overlap with the plaintiffs' claims in *Chesapeake Bay Foundation, supra* ¶ 11, the cases present distinct issues.

11

*Compare* ECF 1 ¶¶ 153-156 (alleging violation of tribal treaty rights and trust obligations), ¶¶ 157-168 (alleging violation of the Due Process Clause); *with Chesapeake Bay Foundation*, No. 20-cv-1063, Dkt. No. 1 (not raising those issues, but including allegations absent from the Navajo Nation's complaint (e.g., allegations concerning the Agencies' economic analysis for the 2019 Rule, *see* ¶¶ 100-103; allegations concerning Section 117(g) of the Clean Water Act, *see* ¶¶ 104-106)). Thus, even if the briefing in *Chesapeake Bay Foundation* proceeds as currently scheduled, because the claims concerning the 2019 Rule are different from the claims in this case, the Agencies would expend considerable additional resources in briefing the 2019 Rule claims in this case.

28.     Additionally, Navajo Nation may seek to challenge the Agencies' administrative record for the 2019 Rule. Resolving such a challenge would consume the Parties' and the Court's resources, and may ultimately prove unnecessary.

29.     Moreover, the Agencies are actively engaged in time-consuming litigation concerning challenges to the 2020 Rule.[3]

30.     If, after the Court's decision on the 2020 Rule claims, briefing on some or all of the 2019 Rule claims is necessary, any delay would be minimal. The Parties would promptly confer

---

[3] *See, e.g.*, *California v. Wheeler*, No. 3:20-cv-03005-RS (N.D. Cal.); *Colorado v. EPA*, No. 20-cv-1461 (D. Colo.); *Chesapeake Bay Foundation v. Wheeler*, No. 20-cv-1064 (consolidated with 20-cv-1063) (D. Md.); *Conservation Law Foundation v. EPA*, No. 1:20-cv-10280 (D. Mass.); *Environmental Integrity Project v. Wheeler*, No. 1:20-cv-1734 (D.D.C.); *Murray v. Wheeler*, No. 1:19-cv-1498 (N.D.N.Y.); *New Mexico Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-988 (D.N.M.); *Pascua Yaqui Tribe v. EPA*, No. 4:20-cv-266 (D. Ariz.); *Puget Soundkeeper Alliance v. EPA*, No. 2:20-cv-950 (W.D. Wash.); *South Carolina Coastal Conservation League v. Wheeler*, No. 2:20-cv-1687 (D.S.C.); *Washington Cattlemen's Ass'n v. EPA*, No. 2:19-cv-00569 (W.D. Wash.).

and submit a proposed briefing schedule. And, as Plaintiff indicated, *supra* ¶ 10, the Court would already be familiar with some of the background issues. To the extent that Navajo Nation is concerned about delay in resolving their claims, the Agencies are open to proceeding earlier on the 2020 Rule claims than proposed (provided that the number of days between the Parties' summary judgment briefs remains the same as proposed). But such concerns of delay should not be addressed by scheduling proceedings on Plaintiff's 2019 Rule claims at this time—when that rule has been replaced and has no effect, there is no relief the Court could provide, and even if the Court could provide relief, the issue of remedy would be complex.

31. It is in the interest of judicial economy and conserving party resources to focus on the litigation over the 2020 Rule and to brief the merits of the 2019 Rule only if the Court's ruling on Plaintiff's 2020 Rule challenge does not resolve this case.

32. Accordingly, the Agencies propose the following two-phased schedule, which adopts Plaintiff's proposed dates for briefing the 2020 Rule. Because the Agencies propose briefing only the 2020 Rule in Phase 1, they propose lower page limits than Plaintiff. However, the Agencies propose that total page limits for the Parties' briefs be the same, and disagree with Plaintiff's proposal of fewer total pages for the Agencies, *see supra* ¶¶ 17, 18. The Agencies are open to adjusting the page limits (e.g., fewer pages for the Agencies' reply and more pages for the Agencies' response and cross-motion), but request parity for the total pages of the Parties' briefs.

Phase 1—Briefing on the 2020 Rule

- October 6, 2020: Defendants' certified index of the administrative record for the 2020 Rule.

13

- November 6, 2020: Plaintiff's motion to challenge or supplement the administrative record for the 2020 Rule.

- January 15, 2021, if Plaintiff does not challenge the record, or 30 days after the Court rules on any record challenges, whichever is later: Plaintiff's motion for summary judgment, limited to 45 pages.

- March 1, 2021, if Plaintiff does not challenge the record, or 45 days after Plaintiff's motion for summary judgment is due after the Court resolves any record challenges, whichever is later: Defendants' response and cross-motion for summary judgment, limited to 45 pages.

- April 15, 2021, if Plaintiff does not challenge the record, or 45 days after Defendants' response and cross-motion for summary judgment is due after the Court resolves any record challenges, whichever is later: Plaintiff's response and reply, limited to 30 pages.

- May 17, 2021, if Plaintiff does not challenge the record, or 30 days after Plaintiff's response and reply is due after the Court resolves any record challenges, whichever is later: Defendants' reply, limited to 30 pages.

Phase 2—Briefing on the 2019 Rule

- The Agencies propose that deadlines related to filing the administrative record for the 2019 Rule and summary judgment briefing not be set until the Court rules on the Phase 1 cross-motions for summary judgment. Within 14 days from the Court's order resolving Phase 1, the Parties would confer and submit a joint proposal to

govern further proceedings, advising whether any further briefing is needed and, if so, providing a schedule.

For the foregoing reasons and as described above, the Parties respectfully request that this Court exclude this case from pretrial case management, resolve the Parties' proposals presented in this motion, provide for expanded page limits, and enter a scheduling order accordingly.

Dated: September 30, 2020

Respectfully submitted,

JILL GRANT & ASSOCIATES, LLC

/s/ *Jill Elise Grant*
JILL ELISE GRANT, Bar No. 7571
IAN PAUL FISHER, Bar No. 1672524
Jill Grant & Associates, LLC
1319 F Street NW, Suite 300
Washington, D.C. 20004
Telephone: (202) 821-1950
Facsimile: (202) 459-9558
jgrant@jillgrantlaw.com
ifisher@jillgrantlaw.com

*Counsel for Plaintiff*


 /s/ *Sonya J. Shea*
DANIEL PINKSTON
SONYA J. SHEA
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone: (303) 844-1804 (Pinkston)
Telephone: (303) 844-7231 (Shea)
Facsimile: (303) 844-1350
daniel.pinkston@usdoj.gov
sonya.shea@usdoj.gov

JOHN C. ANDERSON
United States Attorney

/s/ *Manuel Lucero*
MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1467

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 30, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

*/s/ Sonya J. Shea*