**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**Before the Honorable Gregory J. Fouratt
United States Magistrate Judge**

**Clerk's Minutes**

**Civ. No. 20cv602 MV/GJF**

*Navajo Nation v. Wheeler, et al.*

**Date of Hearing: 10/6/2020**
*(Recorded – Dona Ana Courtroom)*

| | |
|---|---|
| **Attorneys for Plaintiffs:** | Ian Fisher, Jill Grant |
| **Attorneys for Defendants:** | Sonya Shea, Daniel Pinkston, Manuel Lucero |
| **Proceeding:** | Telephonic Status Conference |
| *Start Time*: | 2:00 p.m. |
| *Stop Time*: | 3:00 p.m. |
| **Total Time:** | **1 hour** |
| **Clerk**: | GBG |

**Notes:**

- The Court made introductions.

**Plaintiff's Proposal**

- The Court began by discussing Plaintiff's proposal with Mr. Fisher. He expressed his belief that the two administrative records relating to this case[1] were duplicative of the administrative records filed by Defendants in other district courts. In addition, Mr. Fisher expressed doubt that Plaintiff would indeed challenge such records, but noted that Plaintiff wished to keep such an option open for approximately 30 days.
- Mr. Fisher discussed his views that (1) a substantial amount of motion for summary judgment briefing in the instant case would overlap with the motion for summary judgment briefing to be filed in *Chesapeake Bay Found. v. Wheeler*, Nos. RDB-20-1063 & RDB-20-1064, at 3 (D. Md. Aug. 24, 2020); (2) consolidated briefing would likely "avoid duplicative briefing, promote judicial economy, and conserve the Parties' resources," ECF 15 (Parties' Joint Motion for Scheduling Order) at 4; (3) Plaintiff would be "impacted

---

[1] *I.e.,* one regarding 84 Fed. Reg. 56,626 (Oct. 22, 2019) (the "2019 Rule") and one regarding 85 Fed. Reg. 22,250 (Apr. 21, 2020) (the "2020 Rule").

fundamentally differently[] and prejudiced more," ECF 15 at 6, than the landowners in *Murray v. Wheeler*, No. 1:19-cv-1498 (N.D.N.Y. July 28, 2020), which permitted a two-phase (or "staged") approach to the briefing; and (4) Plaintiff's proposed asymmetrical page limit extensions were appropriate, given that such asymmetry occurred in traditional appellate practice.

**Defendants' Proposal**

- The Court discussed Defendants' proposal with Ms. Shea. Ms. Shea confirmed that she was also defense counsel of record in the *Chesapeake Bay* case and some of the other cases cited in the parties' motion. She confirmed that the two administrative records from that case would be the same ones that would apply to this case (and that they could be filed today). In addition, Ms. Shea affirmed that essentially the same proposal for staged briefing for the 2019/2020 Rules was made in the *Chesapeake Bay* case—and rejected. She further affirmed that only the *Murray* and *Chesapeake Bay* cases had scheduling proposals that were disputed, as the parties in the other cases had stipulated to their schedules including stipulated stays of briefing.
- The Court discussed with Ms. Shea its view that, for the sake of judicial economy, a consolidated briefing schedule was preferred. The Court noted that such a schedule would, for example, more readily allow the Court to rule in the alternative or otherwise address the 2019 Rule in a more effective and efficient manner. In the Court's view, the two-phased briefing approach proposed by Defendants would actually disserve judicial economy as opposed to promoting it.
- The Court confirmed with Ms. Shea that the corresponding briefing in the *Chesapeake Bay* case was set to conclude on March 31, 2021, over six weeks before briefing in the instant case is proposed to conclude (May 17, 2021). When asked to provide an estimate of the overlap in the briefing between these two cases, Ms. Shea stated that there could be close to a 50 percent overlap but that it would depend on the specific issues raised in Plaintiff's summary judgment motion.
- The Court also discussed Defendants' preference for parity in any page limit extension. Ms. Shea stated that Defendants would accept a page limit of 90 pages (60 for the opening brief and 30 for the final brief).

**The Court's Decision**

- Before announcing its decision, the Court asked whether the future of litigation in this case depends on the outcome of the current presidential election. The parties confirmed that the election outcome could indeed affect this case. They also confirmed that at this point there was too much uncertainty to conclude exactly when or how this case would be affected by a change in administrations, particularly as any regulatory change would likely take a significant amount of time to implement. The parties, however, confirmed that if there were a forthcoming regulatory change that would affect this case, they would file a notice to that effect.
- The Court also advised the parties that, if pertinent rulings are made in cases pending in other districts, counsel may wish to file notices of supplemental authority as applicable to the instant case.
- The Court **GRANTED** the parties' Joint Motion for Scheduling Order [ECF 15] as follows:

- o The Court removed this case from requirements of pretrial case management.  *See* D.N.M.LR-Civ. 16.3.

- o The Court resolved the parties' separate briefing proposals by **DENYING** Defendants' proposal for staged briefing [ECF 15 at 8-15] and **GRANTING** Plaintiff's request for consolidated briefing [*id.* at 3-8].

- o The Court provided for expanded page limits in that each parties' opening brief (i.e., Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment/response) is limited to 60 pages and each parties' final brief (i.e., Plaintiff's response/reply and Defendants' reply) is limited to 30 pages.

- o The Court, after confirming that the parties agreed on the proposed schedule, imposed the parties' schedule.  *See* ECF 15 at 7-8.

- The Court stated that it would issue a separate written order memorializing these decisions.
- *The Court adjourned.*