IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NAVAJO NATION, <br><br> Plaintiff, <br> v. <br><br> MICHAEL REGAN, *et al.*, <br><br> Defendants. | No. 2:20-cv-602-MV-GJF |

**DECLARATION OF RONNIE BEN**

I, Ronnie Ben, declare as follows:

1. My name is Ronnie Ben. I am over 21 years of age and am fully competent and duly authorized to make this declaration.

2. I submit this declaration in support of the Navajo Nation's Partial Opposition to "Defendants' Opposed Motion for Voluntary Remand of the NWPR Without Vacatur." The following statements are true and correct to the best of my knowledge, information, and belief and are based on my personal knowledge, information contained in the records of the Navajo Nation Environmental Protection Agency Surface and Ground Water Protection Department, and information supplied to me by employees within the Navajo Nation Environmental Protection Agency Surface and Ground Water Protection Department.

3. I am the Department Manager for the Navajo Nation Environmental Protection Agency (NNEPA), Surface and Ground Water Protection Department. I have been in that position since 2010. In that position, I oversee the work of the Water Quality/NPDES Program,

the Public Water Systems Supervision Program (including the Aquifer Protection and Domestic Wastewater Programs), and the Underground Injection Control Program.

4. My responsibilities include managing and administering the Department as a whole; supervising its three Programs; overseeing and assisting with Department planning, development, operations, and budget; and coordinating the Department's goals and objectives with those of the Navajo Nation Office of the President and Vice President.

5. I previously worked for five years as a senior environmental specialist in the NNEPA Water Quality/NPDES Program.

6. Attached as Exhibit 1 is a true and correct copy of a June 9, 2021, email the Navajo Nation and other Tribal Partners received from Karen Gude, Tribal Program Coordinator, Office of Water, U.S. Environmental Protection Agency (EPA), titled "EPA, Army Announce Intent to Revise Definition of WOTUS."

7. Since the Navigable Waters Protection Rule (NWPR) took effect on June 22, 2020, I am aware of two projects that proposed to discharge into ephemeral waters on the Navajo Nation. Those projects previously would have required a Clean Water Act (CWA) § 404 dredge and fill permit from the U.S. Army Corps of Engineers (Corps) and a CWA § 401 certification from the NNEPA. However, based on the NWPR, the Corps determined that the discharges from these projects would be into non-jurisdictional waters and therefore no CWA permit or certification was required.

8. NNEPA has reviewed information from a U.S. EPA website database at https://watersgeo.epa.gov/cwa/cwa-JDS/ titled "Clean Water Act Approved Jurisdictional Determinations," which presents data on approved jurisdictional determinations (JDs) made by

the Corps and EPA under the CWA since August 28, 2015. That database shows that between August 2015 and June 2020 for waters within counties containing or adjacent to Navajo Nation land—Apache, Coconino, and Navajo Counties in Arizona, Bernalillo, Cibola, McKinley, Sandoval, San Juan, and Valencia Counties in New Mexico, and San Juan County, Utah—the Corps determined 22 out of 73 waters within those counties were jurisdictional waters of the United States (WOTUS), based on the 1980s WOTUS regulations and the significant nexus standard. However, since June 22, 2020, that database shows that the Corps determined 0 out of 134 waters within those counties were WOTUS, based on the NWPR. The majority of the waters at issue were excluded as ephemeral waters. Attached as Exhibit 2 is a PDF copy of the database information filtered to reflect the JDs that took place for waters in these counties.

9. Because these waters have been found non-jurisdictional by the Corps under the NWPR, no federal CWA permits will be issued for discharges into those waters. For the Navajo Nation waters, that means the NNEPA has lost its opportunity under the CWA § 401(a)(1) certification program to ensure those discharges will not violate the Navajo Nation's water quality requirements. For the neighboring waters, the Navajo Nation does not have the opportunity to review and comment under CWA § 401(a)(2) on possible adverse impacts from those discharges on Navajo Nation waters.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on July 01, 2021

_Ronnie Ben_ (signature)

Ronnie Ben
Department Manager, Surface and Ground Water Protection Department
Navajo Nation Environmental Protection Agency