IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NAVAJO NATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-00602-MV-GJF |
| ) | |
| MICHAEL REGAN, in his official capacity ) | |
| as Administrator for the U.S. ) | |
| Environmental Protection Agency; ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY; JAIME PINKHAM, ) | |
| in his official capacity as Acting Assistant ) | |
| Secretary of the Army for Civil Works; and ) | |
| UNITED STATES ARMY CORPS OF ) | |
| ENGINEERS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**JOINT MOTION TO HOLD PLAINTIFF'S REMAINING CLAIMS IN ABEYANCE**

Plaintiff Navajo Nation and Defendants United States Environmental Protection Agency ("EPA"), EPA Administrator Michael Regan, United States Army Corps of Engineers ("Corps"), and Acting Assistant Secretary of the Army for Civil Works Jaime Pinkham (collectively, the "Agencies"), jointly move the Court to hold the litigation of Plaintiff's remaining claims in this case in abeyance pending the issuance by the Agencies of a final rule regarding the definition of "waters of the United States" within the meaning of the Clean Water Act, 33 U.S.C. § 1362(7), or a determination by the Agencies that they will no longer proceed with the rulemaking.  As grounds for their motion, the parties state as follows:

1

1.  The Clean Water Act ("CWA") prohibits "the discharge of any pollutant by any person" without a permit or other authorization, 33 U.S.C. § 1311(a), to "navigable waters," which are defined as "the waters of the United States." *Id.* § 1362(7).

2.  In 2015, the Agencies comprehensively revised the definition of "waters of the United States." Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule"). In October 2019, the Agencies issued a rule entitled "Definition of 'Waters of the United States' – Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule"), which repealed the 2015 Rule and reinstated the prior regulatory framework. In 2020, the Agencies again comprehensively revised the definition of "waters of the United States" with the "Navigable Waters Protection Rule" ("NWPR"). 85 Fed. Reg. 22,250 (April 21, 2020).

3.  Plaintiff Navajo Nation filed its Complaint on June 22, 2020, ECF No. 1, challenging both the NWPR and the 2019 Rule on a variety of grounds. The Agencies answered on August 25, 2020. ECF No. 12.

4.  On January 15, 2021, Plaintiff filed a motion for summary judgment, seeking remand and vacatur of both the NWPR and the 2019 Rule. ECF No. 20. A group of members of Congress filed an amicus brief in support of Plaintiff's motion for summary judgment. ECF No. 25.

5. On January 20, 2021, President Biden issued an Executive Order entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021). In conformance with the Executive Order, the Agencies began reviewing many rules promulgated in the last four

2

years, including the NWPR.  In light of the Agencies' review of the NWPR, the Agencies requested, and this Court granted, three extensions of the summary judgment briefing schedule.  *See* ECF Nos. 26-31.

6. On June 24, 2021, in lieu of a response to Plaintiff's motion for summary judgment, the Agencies filed their "Opposed Motion for Voluntary Remand of the NWPR Without Vacatur and Unopposed Motion for Abeyance of Briefing on the 2019 Rule Claims." ECF No. 32.  The Court granted the Agencies' request to hold briefing of the 2019 Rule claims in abeyance pending a decision on the remand motion.   ECF No. 33.  Plaintiff filed its opposition to remand without vacatur on July 2, 2021, ECF No. 34, and the Agencies filed a reply brief on July 16, 2021.  ECF No. 35.

7. After the United States District Court for the District of Arizona issued an order remanding and vacating the NWPR, *see Pascua Yaqui Tribe v. EPA*, No. CV-20-00266-TUC-RM, 2021 WL 3855977 (D. Ariz. Aug. 30, 2021), the Agencies released a public statement explaining that they "have halted implementation of the Navigable Waters Protection Rule and are interpreting 'waters of the United States' consistent with the pre-2015 regulatory regime until further notice."  *See* U.S. EPA, *Current Implementation of Waters of the United States*, https://www.epa.gov/wotus/current-implementation-waters-united-states (last visited Oct. 18, 2021).

8. On September 27, 2021, the Court issued its "Memorandum Opinion and Order" ("Order"), ECF No. 43, in which it granted the Agencies' motion for remand of the NWPR, and also granted Plaintiff's request that "remand include vacatur." *Id*. at 1.  With regard to Plaintiff's challenge to the 2019 Rule, the Court stated as follows:

3

> The Navajo Nation's Complaint and Motion for Summary Judgment also challenge the 2019 Rule.  Because the Agencies filed a Motion for Voluntary Remand in lieu of a response to the Navajo Nation's Motion for Summary Judgment, the Agencies have not responded to the Navajo Nation's challenges to the 2019 Rule.  Because it may be beneficial to have further briefing focused on the 2019 Rule, the Court will deny without prejudice the Navajo Nation's Motion for Summary Judgment and will require the parties to meet and confer and file a proposal or proposals for further proceedings.

*Id*. at 9.  The Court ordered the parties "to meet and confer and file a proposal or proposals for further proceedings" within thirty days after entry of the Order, i.e., by October 27, 2021.  *Id*. at 9-10.

9.  The Agencies are in the process of a rulemaking regarding the definition of "waters of the United States" in the CWA.  They have undertaken public outreach to gather information and feedback to assist in their development of a proposed rule. *See, e.g.*, 86 Fed. Reg. 41,911 (Aug. 4, 2021) (announcing the Agencies' plans for rulemaking and stakeholder involvement).  The Agencies anticipate issuing a proposed rule within the coming months.  If a proposed rule is published, the content of that proposal – and any final rule issued thereafter – may affect the parties' views on further litigation regarding the 2019 Rule.

10.  The parties consulted as directed by the Court and jointly concluded that the most efficient course for this case is to hold Plaintiff's remaining claims in abeyance pending the publication in the Federal Register of a final rule regarding the definition of "waters of the United States" ("Final Rule") or a decision by the Agencies not to proceed with the rulemaking.  The parties propose that the Court order them to submit a proposal or proposals for further proceedings within 21

days after whichever event occurs.  Each party reserves the right to move this Court to lift or extend the abeyance prior to the end of the abeyance period if circumstances warrant.

11.  Holding further proceedings in abeyance would serve the interests of both judicial efficiency and conservation of the parties' resources.

WHEREFORE, the parties respectfully request that the Court enter an order (a) holding further proceedings on Plaintiff's remaining claims in abeyance pending the publication of a Final Rule in the Federal Register or the Agencies' decision to terminate the "waters of the United States" rulemaking and (b) directing the parties to submit a proposal or proposals regarding further proceedings to the Court within 21 days after whichever event occurs.

Respectfully submitted,

COUNSEL FOR PLAINTIFF:

JILL GRANT & ASSOCIATES, LLC

Dated: Oct. 26, 2021

*/s/ Jill Elise Grant*
Jill Elise Grant, N.M. Bar No. 7571
Ian Paul Fisher,* D.C. Bar. No. 1672524
1319 F Street NW, Suite 300
Washington, D.C. 20004
Telephone:  (202) 821-1950
Email:  jgrant@jillgrantlaw.com
Email:  ifisher@jillgrantlaw.com

* D.N.M.LR-Civ. 83.3(a) certification

|  |  | COUNSEL FOR DEFENDANTS: |
|---|---|---|
| Dated: Oct. 26, 2021 | By: | */s/ Daniel Pinkston* |

DANIEL PINKSTON
SONYA J. SHEA
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
999 18th Street, South Terrace, Suite 370
Denver, CO  80202
(303) 844-1804 (Pinkston)
(303) 844-7231 (Shea)
daniel.pinkston@usdoj.gov
sonya.shea@usdoj.gov

FRED J. FEDERICI
Acting United States Attorney
District of New Mexico
MANUEL LUCERO
Albuquerque, NM  87103
(505) 224-1467
manny.lucero@usdoj.gov

6